JAMES P. KINNEY, Respondent, v. KANSAS CITY, PITTSBURG & GULF RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, February 23, 1897.

1. **Railroads**: STOCK KILLED: OBLIGATION TO FENCE DE FACTO PUBLIC ROAD. The judgment in this cause on the first count of the petition, for the killing of a cow by defendant's cars, at an unfenced point on its road where it crossed a *de facto* public road, reversed on the same agreed statement of facts and for same reasons stated in *Jackson v. K. C., P. & G. R. R. Co.*, 66 Mo. App. 506.

2. ———: ———: ADMISSION OF LIABILITY: TENDER OF DOUBLE DAMAGES, WITHOUT COSTS. On an admission of liability by defendant, for the killing of a hog by its cars, a tender made of double the value of the hog, without a tender of the costs, was not sufficient.

*Appeal from the McDonald Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED as to first count and AFFIRMED as to third.

*Trimble & Braley* for appellant.

The judgment should have been reversed. *Jackson v. K. C., P. & G. R. R.*, 66 Mo. App. 506; *R. R. v. Kocher*, 46 Kan. 277; *Soward v. R. R.*, 33 Iowa, 387; *R. R. v. Griffis*, 28 Kan. 539; 13 Am. and Eng. R. R. Cases, 533, and note; *Roberts v. R. R.*, 43 Mo. App. 287; *Brown v. R. R.*, 20 *Id.* 427, 433; *Walton v. R. R.*, 67 Mo. 56; 1 Rorer on Railroads, 622.

No brief filed for respondent.

BLAND, P. J.—The agreed statement of facts in this case are precisely the same as in the case of John Jackson *v.* same defendant railroad company, number 6367, in which an opinion was handed down May 12, 1896, by this court. For the reasons stated in the Jackson case the judgment on the first count is reversed.

It was admitted that defendant was liable on the third count for the value of the hog ($3.50) and he tendered double the value ($7) to the plaintiff. This was refused because the cost, also, was not tendered. This tender was not in time, nor made in the manner required by section 2939, Revised Statutes, 1889. The judgment as to the third count is affirmed and cost of appeal taxed against appellant.

It is so ordered. All concur.