IN RE, ETC., KENNET & OSCEOLA R. R. COMPANY, Appellant, v. WILLIAM M. SENTER et al., Respondents.

### St. Louis Court of Appeals, February 13, 1900.

1. Condemnation Proceedings: DAMAGES PAID CLERK: EXCEPTIONS FILED: LAND AND MONEY. Appellant railroad company failing to prosecute its exceptions to the commissioner's report with diligence, the court sustained a motion to dismiss the

exceptions and instead of dismissing the exceptions and confirming the report, dismissed plaintiff's cause of action. Afterwards, a year later, the company filed its motion asking the court to return to it the money it had paid as damages assessed by the commissioners. Defendants had no notice of such motion. The company had in the meantime taken possession of the land involved in the condemnation proceedings, and was occupying and using it. Held, that the railroad company could not take both the land and the money, and especially without giving the owners thereof an opportunity to be heard.

2. ———: ———: ———: DISMISSING CAUSE OF ACTION. Ordinarily a dismissal of a suit takes the entire case out of court; but where rights have become vested and the subject-matter of such rights has passed out of the jurisdiction of the court, an improvident order dismissing the suit can not have the effect of divesting vested rights, the subject-matter of which has passed beyond the jurisdiction of the court, and hence the order dismissing the suit could only dispose of what was then before the court, and had not been finally adjudicated, which were the exceptions to the assessment of damages.

Appeal from the Dunklin Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*John A. Hope* for appellant.

(1) That a judgment of dismissal annuls all that has been done in a cause, takes the parties out of court, and leaves them as they were at the beginning of the suit, is also a plain elementary principle of law which we believe this court has never departed from, and which it will continue to adhere to. If this is the law, then the judgment of dismissal in this case annulled the work of the commissioners, and although the title to the damages did vest in the land owners upon payment of the same into court, that title was divested by the dismissal. (2) A suit to condemn a right of way is instituted as any other suit except that only ten days notice of the pendency of the

suit is required. The railroad company sets out its cause of action in its petition, just as the cause of action is set out in the petition in any other civil action. We maintain that a judgment dismissing a cause of action operates in the same way in a condemnation suit that it does in other civil actions. (3) The dismissal took the whole case out of court: "A dismissal or nonsuit is but like the blowing out of a candle which a man at his own pleasure may light again; under no circumstances will such a judgment be deemed final, whether entered before or at the trial." Freeman on Judgment, sec. 261; Waterworks Co. v. School Dist., 23 Mo. App. 227. (4) The term "dismissal" signifies a final ending of the suit in which the order of dismissal is entered. 6 Ency. Plead. and Prac., p. 875. (5) "A dismissal operates as a final determination of the suit, and carries the entire cause out of court and all the parties to the original proceeding. The rule applies alike to dismissals either at law or in equity." 6 Ency. Plead. and Prac., p. 979. (6) "By the discontinuance of an action the further proceedings in this action are arrested not only, but what has been done therein is also annulled, so that the action is as if it had never been. If the suit be discontinued at any stage then the adjudication therein concludes no one and is not an estoppel or bar in any sense." Loeb v. Willis, 100 N. Y. 235. 6 Ency. Plead. and Prac., p. 986. (7) "By the order dismissing the cause the parties were out of court, jurisdiction of the court over them was gone, and they stood as they were before the suit was commenced." Morgan v. Campbell, 54 Ill. App. 244.

BLAND, P. J.—Under condemnation proceedings instituted by appellant against respondents, an assessment of damages was made by commissioners, and the damages assessed were paid to the clerk of the court in which the proceedings were had. Exceptions were filed to the report of the com-

missioners.   A defective affidavit for a change of venue was filed.   Appellant was dilatory in the prosecution of its exceptions to the report, and a motion was filed by respondents to dismiss and strike out the exceptions to the report and to confirm the report.   The court sustained the motion, but instead of dismissing the exceptions and confirming the report of the commissioners, dismissed plaintiff's cause of action. This was done at the January term, 1898.   One year thereafter, at the January term, 1899, the appellant filed a motion to require the clerk to return the money it had paid in as damages assessed by the commissioners.   No notice of this motion was served on respondents, and it does not appear from the record that any of the respondents appeared at the hearing of the motion.   The evidence showed that appellant had taken possession of the land of respondents, described in the petition for condemnation.   The court overruled the motion of appellant for an order on the clerk to pay over the money to it, and the appeal was taken.

The contention is, that because the court erroneously dismissed its condemnation proceedings, it may take both the land and the money, and that it may do so without giving the respondents, whose lands it occupies, an opportunity to be heard.   Ordinarily a dismissal of a suit takes the entire case out of court.   But where proceedings have been had in the suit whereby rights have become vested, and the subject-matter of these rights has passed out of the jurisdiction of the court, an improvident order dismissing the suit can not have such a retroactive force as to divest a right in a subject-matter which has passed from the jurisdiction of the court.   The state in the exercise of its right of eminent domain, by and through the railroad company, had condemned the land for public use. The railroad company, by paying in the damages assessed by force of the statute, became seized of the title in the lands and took possession of them; the right to condemn and the

act of condemnation had passed to a final judgment and were beyond the control of the court. The order dismissing the. suit could only reach what was then before the court and what had not been finally adjudicated, i. e., the exceptions to the assessment of damages. The judgment is affirmed. All concur.