ATKINS, Respondent, v. OST, Appellant.

St. Louis Court of Appeals, April 18, 1905.

1. COSTS: Deposit by Defendant. The provisions of section 1566, Revised Statutes of 1899, that a defendant shall not be responsible for costs accrued after the deposit of a sum sufficient to pay the damages and the costs then accrued, provided the plaintiff shall not recover a larger sum, applies to an action for unliquidated damages as well as liquidated.

2. ———: ———: Notice. It is not necessary that a defendant should give the plaintiff notice showing a deposit, made under said section, in order that it have the effect provided therein.

Appeal from Wayne Circuit Court.—*Hon. E. M. Dearing,* Judge.

REVERSED AND REMANDED (*with directions*).

*John H. Raney* and *O. L. Munger* for appellant.

*R. L. Ward* and *Chas. M. Hay* for respondent.

The appellant attempts to make a tender, after action brought under section 1566, R. S. 1899, by depositing $30 with circuit clerk; the respondent's contention is that he could not make a tender in this kind of a case, viz: for unliquidated damages, by that means; but that his remedy was under section 751, R. S. 1899—by serving upon respondent a written offer to permit her to take judgment for $30. But to be a valid tender so as to defeat the costs, it must be valid either (a) under the common law, or (b) under the statutes of Missouri. (a) It was not a valid common law tender. 1st. Because it was made after the institution of the suit. 28 Amer. and Eng. Encyc. of Law, 21; Joyner v. Bentley, 21 Mo. App. 26. 2nd. Because it was an action for unliquidated damages. 28 Amer. and Eng. Encyc. of Law, 11; Sedgwick on the Measure of Damages, 580; Joyner v. Bentley, 21 Mo. App. 26. (b) It was not a valid tender for unliquidated damages under the statutes of Missouri. 28 Amer. and Eng. Encyc. of Law, 11; Lieurance v. McComas, 59 Mo. App. 118; Maxwell v. Railroad, 91 Mo. App. 582.

GOODE, J.—On this appeal the question for decision is as to the correctness of a ruling by the circuit court on a motion filed by the appellant to tax part of the costs against the respondent (plaintiff). The action is one for malicious trespass and was instituted in the circuit court. Its purpose was to recover three times the value of timber belonging to the respondent and alleged to have been cut and carried away by appellant. The value of the timber was laid at $150. Before answering the appellant deposited $30 with the circuit clerk to pay the damages sustained by the respondent and the

costs that had accrued.    The deposit occurred in vacation and an appropriate entry reciting the fact was made upon the vacation minutes.    Respondent's counsel say they knew nothing of the matter and received no notice of it.    Respondent obtained a judgment for $25, which the court refused to treble; presumably because appellant had probable cause to believe the timber he cut was his own.    R. S. 1899, sec. 4575.    The admission is made that the sum deposited was sufficient to cover the judgment and costs which had accrued prior to the date of the deposit.    Appellant filed a motion to tax the subsequent costs against the respondent; but the court overruled the motion and taxed all the costs against the appellant.    To justify this ruling respondent's counsel say the statute under which the appellant proceeded contemplates a deposit in actions for liquidated damages only; not in those for unliquidated damages.    The language of the statute is broad enough to include both classes of litigation.    It reads:

"If, in any suit pending, the defendant shall, at any time deposit with the clerk, for the use of the plaintiff, the amount of the debt or damages he admits to be due, together with all costs that have then accrued, and the plaintiff shall refuse to accept the same in discharge of his suit, and shall not afterwards recover a larger sum for his debt or damages due and costs accrued up to the time of deposit, than the sum so deposited, he shall pay all costs that may accrue from and after the time such money was so deposited as aforesaid."    R. S. 1899, sec. 1566.

Respondent appeals to Joyner v. Bently, 21 Mo. App. 26; Lieurance v. McComas, 59 Mo. App. 118, and Maxwell v. Railroad, 91 Mo. App. 582.    The last two cases decide no more than that an offer to let judgment go in an action before a justice of the peace is proper under section 6213, Revised Statutes of 1889 (sec. 3945, R. S. 1899) and the Joyner case decides that certain sections of the chapter of the statutes on justices of the peace do

not apply to actions for unliquidated damages (R. S. 1899, secs. 3942-3944, inclusive.)   Neither of those decisions construes section 1566.   In Henry v. Lowe, 73 Mo. 96, an action for treble damages for a trespass precisely like this one, the right of the defendant to make a deposit with the clerk before trial was recognized, but the deposit actually made was adjudged too small to cover the judgment and costs.   In Kinney v. Railroad, 69 Mo. App. 302, a similar ruling was made.   That respondent received no notice of the deposit does not neutralize its effect.   This was decided in Crawford v. Armstrong, 58 Mo. 214.

On the authority of the language of the statutes and of the decisions of the courts, we hold that it applies to this case.   Therefore, the judgment is reversed and the cause remanded with the direction to the circuit court to tax against respondent such costs as accrued after appellant made his deposit with the circuit clerk.   All concur.