STATE OF MISSOURI at the relation of STATE HIGHWAY COMMISSION v. GEORGE DEUTSCHMAN ET AL., EUGENE HOVEN and LYNN MEAT COMPANY, Appellants.—142 S. W. (2d) 1025.

Division Two, September 10, 1940.*

*NOTE: Opinion filed at May Term, 1940, July 3, 1940; motion for rehearing filed; motion overruled at September Term, 1940, September 10, 1940.

*W. H. Meredith, J. M. Feigenbaum* and *Jos. D. Feigenbaum* for appellant.

*Louis V. Stigall* and *Ralph M. Eubanks* for respondent.

758

TIPTON, J.—This is an appeal by property owners from an award in a condemnation suit against owners of properties adjoining Highway 50 (Manchester Road) in St. Louis County, Missouri, between the towns of Kirkwood and Manchester. It was brought by the State at the relation of the State Highway Commission.

The purpose of the condemnation action was to widen Highway 50.

The original condemnation petition sought to take two tracts of appellants' land, which was a corner lot fronting 204 feet on Highway 50 by 150 feet on Ruth Drive. The petition sought, first, a ten-foot strip running the length of the lot on Highway 50 for the right-of-way; second, it sought a tract forty by forty near the corner of the lot on the highway and Ruth Drive which was to be used for "a drainage ditch," and also for "men, teams, etc., in the work of construction and maintenance." On December 3, 1934, respondent's petition was amended by eliminating the phrase, "men, teams, etc., in the work of construction and maintenance," leaving this tract to be used only for a "drainage ditch or channel change," with respondent having the right "to enter" on this square at any time for the purpose of "maintaining" the drainage ditch or channel.

On December 10, 1934, the commissioners theretofore appointed by the court filed their report and awarded a total of $250 for the taking of both tracts of appellants' lot. On January 3, 1935, respondent paid into court the amount of the commissioners' award for the property of appellants. Appellants filed exceptions to the commissioner's award. Respondent took possession of the ten-foot tract of land but did not take possession of the forty-foot tract of land. On December 14, 1935, respondent amended its petition to eliminate the forty-foot tract of land. On September 28, 1937, appellants filed a motion to strike this later amendment from the files, which motion was overruled by the trial court. There was testimony tending to show that appellants' land had been damaged in excess of $18,000, while on the other hand respondent's evidence tended to show that the property had actually been benefited. The jury sustained respondent's contention. Other pertinent facts will be stated in the course of this opinion.

■ The appellants' first contention is that the court erred in overruling their motion to strike from the files respondent's amended petition. In other words, it is appellants' position that the payment into court of the amount of the commissioners' award vested in respondent title to the forty-foot tract; that thereafter, the court had no further jurisdiction over the case except to determine the amount of damages; and that after the payment of the commissioners' award, any amendment to the petition eliminating any of the property described in the original petition is a nullity.

To sustain their position, appellants rely upon the following cases: State ex rel. Union Electric Light & Power Co. v. Bruce, 334 Mo. 312, 66 S. W. (2d) 847; State ex rel. State Highway Commission v. Day, 327 Mo. 122, 35 S. W. (2d) 37; Prairie Pipe Line Co. v. Shipp, 305 Mo. 663, 267 S. W. 647; St. L., I. M. & S. Ry. Co. v. Pfau, 212 Mo. 398, 111 S. W. 10; Gray v. St. L. & S. F. Ry. Co., 81 Mo. 126; Kennet & O. Ry. Co. v. Senter, 83 Mo. App. 181. It is true that those cases do have expressions to the effect that payment of an

award into court divests title. However, in those cases, the question as to whether the condemner, who had never taken possession of the land, had a right to abandon the land after payment of the award into court before a trial on the exceptions was not before the court. For instance, in the Bruce case, supra, the issue decided was that an application for a change of venue need not be filed at the beginning of the electric company's condemnation proceeding but may be filed after the proceeding has progressed to a point of filing exceptions to the commissioners' award. In showing the difference between a condemnation case under the Drainage District Act and a condemnation suit under the Corporation Act, the opinion says (334 Mo. 312, 66 S. W. (2d) l. c. 848):

"In the organization of such a (drainage) district the circuit court, under whose supervision it is being organized, must take into consideration the amount of damages awarded and benefits assessed in making its order authorizing the district to proceed with the work of reclamation or the dissolving of the district. [Section 10781, R. S. Mo. 1929 (Mo. Stat. Ann., sec. 10781, p. 3506).] The payment of the award of the commissioners does not divest title. [State ex rel. v. Trimble, 308 Mo. 123, 272 S. W. 66, 71.] In a proceeding by condemnation, such as relator in this case instituted (corporation condemnation), the payment of the award into court divests title. [Section 1344, R. S. Mo. 1929 (Mo. Stat. Ann., sec. 1344, p. 1543); St. Louis, I. M. & S. Ry. Co. v. Pfau, 212 Mo. 398, 111 S. W. 10.]"

Clearly, the point in the case at bar was not raised in that case, and the sentence in that case relied upon by appellants that "in a proceeding by condemnation, such as relator in this case instituted, the payment of the award into court divests title," was used to illustrate the difference between the Drainage District Act and the Corporation Condemnation Act.

Section 8143, R. S. Mo. 1929, provides that the State Highway Department shall proceed in the condemnation of property in accordance with the provisions of Article 2, Chapter 7, R. S. Mo. 1929, which is the chapter on condemnation proceedings by corporations. Section 1342 of Chapter 7 provides that it shall be lawful for the condemner to hold the interest in the property appropriated unless it elects to abandon any parcel by filing a written instrument to that effect within ten days after the assessment of damages. Section 1344 provides for another assessment of damages than that made by the commissioners upon the filing by either party of a written exception to the report. It further provides that such new appraisement shall, at the request of either party, be made by a jury as in ordinary cases of inquiry of damages. The section then states, "but notwithstanding such exceptions, such company may proceed to . . . construct said road or railroad; and any subsequent proceedings shall only affect the amount of compensation to be allowed."

"When the court awarded defendant (appellant) a trial by jury as to the damages sustained by it, the report of the commissioners became *functus officio,* and the cause then stood as though no commissioners had ever been appointed." [The School District of Kansas City v. Phoenix Land & Imp. Co., 297 Mo. 332, l. c. 339, 249 S. W. 51.]

Of course, under Sections 1342 and 1344, supra, the condemner, upon payment of the commissioners' award, *may* proceed to construct the road, notwithstanding the fact that such exception may have been filed; and if it does so, it takes possession of the tract of land condemned and title passes to it. But if it does not take possession of any parcel of land condemned, then it has ten days to elect to abandon it after the final assessment has been made, either by subsequent commissioners or by a jury. Such was our holding in the case of State ex rel. Hilleman v. Fort, 180 Mo. 97, l. c. 113, 79 S. W. 167, wherein we said:

"We conclude, therefore, that the true reason and meaning of the law is, that the condemning party has a right to abandon the proceeding at any time within ten days after the first assessment by the commissioners, or, if the court awards a new assessment, within ten days after the subsequent assessments by subsequent commissioners or by a jury."

To the same effect, see State ex rel. Pierce v. Skinker, 228 Mo. App. 928, 74 S. W. (2d) 893; Union Electric Light & Power Co. v. Snyder Estate Co., 65 Fed. (2d) C. C. A. 297.

We therefore hold the trial court properly overruled appellants' motion to strike from the files respondent's amended petition.

█ The second assignment of error made by appellants is that the court erred in excluding from evidence Defendant's Exhibit 1, a tracing made by a witness of respondent's plans for construction of the highway. Appellants made an offer of proof; then the record shows that the following occurred:

"The COURT: I don't know what all these dot marks on here are (indicating). If the original is available, I don't know why it is not here.

"Mr. FEIGENBAUM: It was made four years ago, and it has been shown this is identical. We have no objection to the blueprint being brought in and introduced in evidence.

"The COURT: You can readily introduce that.

"Mr. FEIGENBAUM: If that is the objection, I will be glad to bring in the blueprint and introduce it.

"The COURT: That may be done later.

"Mr. FEIGENBAUM: That is right."

There was no further offer of proof and no exception appears after the offer was made. Since appellants offered to bring in the original, the trial court cannot be convicted of error in excluding the tracing.

■ Appellants contend the court erred in sustaining the objection made by respondent during cross-examination of witness V. R. Haxton, an engineer with respondent. Haxton testified as follows in reference to plaintiff's Exhibit A, a marked plat:

"Q. He has some automobiles—isn't that a drainage ditch right behind his line (indicating)? A. I never located that.

"Mr. EUBANKS: I don't see the materiality of that.

"Mr. FEIGENBAUM: I want to show the inaccuracy of this plat. I will show it is way back here (indicating).

"The COURT: Objection sustained."

As we read this record, the ditch referred to was on property not involved in this litigation. Therefore, its accuracy as to other properties was not material to any issue in this case. Moreover, the witness indicated the incompleteness and some probable inaccuracy in the plat by the following answer:

"The lines indicate the general direction of the drain basin, although it may be curved out slightly. This does not show the detailed plans of construction, since we have that on our construction plans."

We think if this was error, it was harmless.

■ Appellants next contend that the court erred in overruling their objection to the following question asked their witness Calquhoun:

"Q. You don't know of a single sale in the neighborhood at $50.00 a foot made within a few miles of this property within the last two years?"

This was objected to on the grounds that the date of injury should be confined to January 1, 1935, the date of the appropriation. Of course, the value of the land appropriated is to be fixed as of the time the land was appropriated. But this was cross-examination and it was proper to test the qualications of the witness.

There are other assignments of error made by appellants, but we have disposed of the collateral questions raised by them under their first assignment of error.

We find no reversible error in the record; therefore, the judgment should be affirmed. It is so ordered. All concur.