**38**

STATE of Missouri ex rel. Bettye L. JENK-INS (nee Salmon), Relator,

v.

Lawrence L. BRADLEY, Probate Judge of Dunklin County, Missouri, Appellant.

No. 49045.

Supreme Court of Missouri,

Division No. 1.

June 11, 1962.

Powell & Jones, Dexter, for relator.

McHaney, Billings & Welman, William H. Billings, Kennett, for Lawrence L. Bradley.

Thompson Mitchell Douglas & Neill, James M. Douglas, Robert Neill, W. Stanley Walch, St. Louis, for Mercantile Trust Co., amici curiae.

Bryan, Cave, McPheeters & McRoberts, Robert H. McRoberts, Marion S. Francis, St. Louis, for St. Louis Union Trust Co., amici curiae.

Lewis, Rice, Tucker, Allen & Chubb, Charles C. Allen, Sr., Charles C. Allen, Jr., St. Louis, for Boatmen's Nat. Bank of St. Louis, amici curiae.

Charles C. Oliver, Jr., Kansas City, Rush H. Limbaugh, Cape Girardeau, Donald H. Chisholm, Kansas City, amici curiae.

HYDE, Judge.

Relator filed petition in the Circuit Court of Dunklin County, on April 26, 1961, for a writ of mandamus to compel respondent, Probate Judge of Dunklin County, "to assume jurisdiction of the testamentary trust as provided under the Last Will and Testament of Helen L. Wilson, deceased, filed in the Probate Court of Dunklin County on November 16, 1956, under which Trust relator is one of the beneficiaries named therein."

An alternative writ issued ordering that respondent "assume jurisdiction of said testamentary trust and proceed, in your capacity as Probate Judge, to exercise your discretion in such office and pass on all matters concerning or pertaining to the administration of said testamentary trust." Respondent's return stated "that Section 472.-020 of the 1955 Probate Code which pur-

ports to confer jurisdiction 'of testamentary trusts' upon Respondent is unconstitutional and void because jurisdiction of testamentary trusts is not included within the grant or scope of jurisdiction conferred upon Probate Courts by Article 5, Section 16, Constitution of Missouri of 1945; that the Legislature cannot enlarge or broaden the jurisdiction of the Probate Courts beyond that provided in Article 5, Section 16, Constitution of Missouri of 1945." Respondent also stated that no procedural code had been provided for the exercise of jurisdiction over testamentary trusts by probate courts. The Court entered judgment ordering a peremptory writ and respondent has appealed. We have jurisdiction because of the constitutional question raised (Sec. 3, Art. V, Const., V.A.M.S.).

■ The only allegations concerning matters sought to be heard in the Probate Court of Dunklin County are thus stated in the following paragraph of the petition: "Relator has, prior to this date, presented her petition to the Probate Court of Dunklin County; she wishes to further petition the Probate Court of Dunklin County with regard to matters arising relative to and in connection with the administration of said testamentary trust, above referred to but the Probate Court of Dunklin County has failed to and now refuses to assume jurisdiction of said testamentary trust." The record does not show what questions relator desired to present or what parties would be involved. It does not even show whether the administration of the original estate involved has been completed in Probate Court, whether there was a trustee appointed by the will and if so whether he accepted the trust, whether any administration of the trust has been commenced with assets in the possession of the trustee or if so whether there is any controversy about the administration of the trust or the authority of the trustee or any ambiguity in the trust provisions, or whether relator has been prejudiced in any way by the activity or inactivity of the trustee, if there is one in charge of the trust estate. Thus it appears both from the record and the briefs here filed that relator seeks by means of mandamus to obtain an advisory opinion about the constitutionality of Sec. 472.020 as an abstract proposition completely unrelated to any facts or specific situation. (Statutory citations are to RSMo and V.A.M.S.) " 'Constitutional questions are not to be dealt with abstractly" * * *. They will not be anticipated but will be dealt with only as they are appropriately raised upon a record before us." Local No. 8–6, Oil, Chemical and Atomic Workers International Union, AFL–CIO v. Missouri, 361 U.S. 363, 80 S.Ct. 391, 4 L.Ed.2d 373; see also State ex rel. State Board of Mediation v. Pigg, 362 Mo. 798, 244 S.W.2d 75; Atchison v. Retirement Board of Police Retirement System of Kansas City, Mo.Sup., 343 S.W. 2d 25, 35. In this case, the Court was not asked to order and its writ does not order respondent to take jurisdiction of or decide any specific matter or issue connected with the administration of the trust involved.

In such an indefinite, abstract situation, we could not by mandamus order even a circuit court, which unquestionably has jurisdiction over trusts, "to assume jurisdiction of the testamentary trust" involved, or any other trust, without any factual basis, controversy or specific issue on which it could act. Except as provided in Secs. 456.210 and 456.220, the court could act only when its jurisdiction is invoked in some proceeding commenced by a proper party. For discussion of situations in which the equitable jurisdiction of circuit courts, in Missouri, may properly be so invoked see Appointment of Successor Trustees, Trust Administration and Settlements in Missouri, Overstreet, 13 Mo.Law Review 255. Jurisdiction could be properly invoked by a trustee applying to the court "for instructions as to the administration of the trust if there is reasonable doubt as to his duties or powers as trustee" (Restatement of Trusts, Second, Sec. 259); or in some circumstances "to have the accounts of his administration of the trust examined and settled by the court." (Restatement of Trusts, Second,

Sec. 260; Scott on Trusts, Secs. 259–260; see also Campbell v. Spotts, 331 Mo. 974, 55 S.W.2d 986, 990.) Jurisdiction also could be invoked by a beneficiary by equitable suit:

"(a) to compel the trustee to perform his duties as trustee;

"(b) to enjoin the trustee from committing a breach of trust;

"(c) to compel the trustee to redress a breach of trust;

"(d) to appoint a receiver to take possession of the trust property and administer the trust;

"(e) to remove the trustee."

Restatement of Trusts, Second, Sec. 199; for legal remedies of beneficiary see Sec. 198; see also Scott on Trusts, Secs. 198–198.3 and 199–199.4. However, "where discretion is conferred upon the trustee with respect to the exercise of a power, its exercise is not subject to control by the court, except to prevent an abuse by the trustee of his discretion." Restatement of Trusts, Second, Sec. 187; Scott on Trusts, Sec. 187–187.5.

Our decisions show that even our circuit courts are not generally authorized to supervise trusts in the way probate courts supervise the administration of decedent's estates. (13 Mo.Law Rev. 263 et seq. See also Trusts—Judicial Supervision of the Administration of Trusts, 35 Mich.Law Rev. 479.) "There is no question, of course, as to such inherent jurisdiction of a court of equity, but it has been ruled in this State that although the court has such abstract jurisdiction inherently, it can acquire jurisdiction in the concrete in a particular instance only when it is presented to the court as prescribed by law. We quote again with approval the general rule, subject to such exception as may be provided by statute: ' "The judicial power can be set in motion in civil matters only by some person—using the word in its broadest sense—in a case against another person. The courts cannot, ex mero motu, set themselves in motion, nor have they power to decide questions except such as are presented by the parties in their pleadings. The parties, by their attorneys, make the record, and what is decided within the issue is res judicata; anything beyond is coram non judice and void." Andrews' Stephen's Pleading (2d Ed.) p. 34.' State ex rel. McManus v. Muench, 217 Mo. 124, 117 S.W. 25, 29, 129 Am.St.Rep. 536." Riggs v. Moise, 344 Mo. 177, 128 S.W.2d 632, 634, 635; see also Taylor v. Hughes, 363 Mo. 389, 251 S.W.2d 94, 102. In the Riggs case, we disapproved the too broad statement in State ex rel. and to the Use of Kenney v. Johnson, 229 Mo.App. 16, 68 S.W.2d 858, concerning the authority of circuit courts to supervise administration of trust estates. Even in an action for declaratory judgment "there must be a sufficiently complete state of facts presenting issues ripe for determination before a court may declare the law. 'A mere difference of opinion or disagreement or argument on a legal question affords inadequate ground for invoking the judicial power.'" City of Joplin v. Jasper County, 349 Mo. 441, 161 S.W.2d 411, 413; see also State ex rel. Chilcutt v. Thatch, 359 Mo. 122, 221 S.W.2d 172, 176; Jacobs v. Leggett, Mo.Sup., 295 S.W. 2d 825, 834; M. F. A. Mutual Insurance Co. v. Hill, Mo.Sup., 320 S.W.2d 559, 564. We hold that there was not a sufficiently complete state of facts presenting issues ripe for determination in this case to authorize the peremptory writ of mandamus ordered.

The judgment is reversed.

All concur.