STATE of Missouri, ex rel. STATE HIGH-WAY COMMISSION of Missouri (Plaintiff) Appellant,

v.

Clifford Charles PAUL et al., on Exceptions of Roy J. Fullington, Lena Fullington, and Shell Oil Company, Inc. (Defendants) Respondents.

No. 31074.

St. Louis Court of Appeals.

Missouri.

Sept. 18, 1962.

Robert L. Hyder, Ralph H. Duggins, Wilkie Cunnyngham, Jefferson City, for appellant.

C. Kenneth Thies, Kerth, Thies & Schreiber, Clayton, for respondents.

WOLFE, Judge.

This is an action in which the plaintiff sought to condemn the land of the defendants for highway purposes. After the order of condemnation, Commissioners were appointed and awarded $69,000 to the defendants. The Highway Commission paid that sum into court and filed its exceptions to the award. The trial upon the exceptions resulted in a verdict and judgment for $30,000 in favor of the defendant land owners. The State Highway Commission appealed from the judgment upon the sole ground that the court erred in not awarding interest on $39,000, the amount by which the sum paid into court exceeded the jury verdict.

The only facts before us in the meager transcript of record filed on this appeal are substantially as follows:

The Commissioners appointed by the court awarded the defendants $69,000 for the property sought by the plaintiff in condemnation. The plaintiff paid that sum into court and excepted to the award. The defendants, apparently of the opinion that the sum awarded by the Commissioners was excessive, drew down only $30,000 of the amount awarded and paid into court by the plaintiff.

The jury trial resulted in a verdict and judgment for the defendants on June 20, 1961 in the exact sum that they had drawn down, $30,000. On July 12, upon suggestion of the plaintiff Highway Commission, the court changed the judgment by adding an award of interest to the plaintiff and against the defendants in the amount of six percent on $39,000, being the excess of the Commissioners' award over the amount of the verdict.

On July 18 the defendants filed a motion to vacate the judgment so entered, and among other grounds for vacating the judgment they alleged that Section 523.045, V.A.M.S., under which the court purported to award interest to the plaintiff, was unconstitutional. The court sustained this motion on August 1, 1961 on several grounds, including the ground that the section of the statute mentioned was unconstitutional. It then entered a new judgment omitting any award of interest to the Highway Commission and from the judgment entered the State Highway Commission prosecutes this appeal.

Section 523.045, V.A.M.S. under question here relates to condemnation proceedings. It makes the following provision:

"* * * if the amount of the award shall be superseded by a subsequent verdict or amount smaller than the award paid, then judgment shall be entered against said persons named to repay to condemnor the amount by

which the award paid exceeds the amount of the verdict, with six per cent interest on such excess payment from the date of the payment of the award."

It is this portion that the trial court held unconstitutional.

A motion to transfer the cause to the Supreme Court was filed by the respondent on the ground that this court lacks jurisdiction. Article 5, § 3, Missouri Constitution, 1945, V.A.M.S., provides:

"The supreme court shall have exclusive appellate jurisdiction in all cases involving the construction of the Constitution of the United States or of this state."

In the case under consideration the constitutionality of the statute was passed upon by the trial court, which held it unconstitutional. The respondent on this appeal is still contending, as he did below, that the statute is unconstitutional, and that the court was correct in so holding. The matter, therefore, is beyond the jurisdiction of this court and within the jurisdiction of the Supreme Court of Missouri. Callahan v. Connecticut Gen. Life Ins. Co., Mo.App., 201 S.W.2d 406; Kansas City v. Hammer, Mo.Sup., 347 S.W.2d 865; Marshall v. Kansas City, Mo.Sup., 355 S.W.2d 877; State v. Errington, Mo.Sup., 355 S.W.2d 952; State ex rel. Jenkins v. Bradley, Mo. Sup., 358 S.W.2d 38.

The motion to transfer this cause to the Supreme Court is sustained, and the cause is accordingly certified and transferred to the Supreme Court of Missouri.

ANDERSON, P. J., and GEORGE P. ADAMS, Special Judge, concur.