**STATE of Missouri, ex rel., STATE HIGH-WAY COMMISSION of Missouri, Appellant,**

**v.**

**Clifford Charles PAUL et al., On Exceptions of Roy J. Fullington, Lena Fullington, and Shell Oil Company, Inc., Respondents.**

No. 49805.

Supreme Court of Missouri,

En Banc.

June 4, 1963.

420

Robert L. Hyder, Ralph H. Duggins, Wilkie Cunnyngham, Jefferson City, for appellant.

C. Kenneth Thies, Kerth, Thies & Schreiber, Clayton, for respondents.

STORCKMAN, Judge.

This is an action to condemn for highway purposes certain land belonging to the defendants Roy J. Fullington and Lena Fullington. Commissioners appointed by the court awarded the defendants $69,000 to which award the plaintiff excepted. The plaintiff paid the full amount of the award into court on February 29, 1960, and took possession of the land. On May 2, 1960, the defendants withdrew from the registry of the court the sum of $30,000 leaving $39,000 on deposit. On June 20, 1961, the trial of the plaintiff's exceptions was concluded and the result was a verdict for the defendants in the sum of $30,000; judgment was rendered accordingly. The amount of the verdict and judgment was the exact amount withdrawn by the defendants from the registry of the court.

Neither party filed a motion for new trial nor made any complaint as to the amount of the verdict and judgment. The only issue remaining in the case is whether the plaintiff is entitled to interest on the sum of $39,000 which was not withdrawn by the defendants and which remained in the registry of the court from the time it was deposited by the plaintiff until the plaintiff became entitled to its return at the conclusion of the litigation involving plaintiff's exceptions. Two additional orders bearing on this issue were made after the original judgment was entered.

On July 12, 1961, at the instance of the plaintiff, a nunc pro tunc order and judgment was entered which held that the defendants were liable to the plaintiff for interest at the rate of six percent on the fund of $39,000 during the time it remained in the registry of the court. On July 18, 1961, the defendants filed their motion to vacate the nunc pro tunc judgment insofar as it allowed the plaintiff to recover interest on the sum of $39,000. On August 1, 1961, the court sustained the defendants' motion to vacate on the ground, among others, that the interest statute, § 523.045, RSMo 1959, V.A.M.S., was unconstitutional and entered a new judgment in favor of the defendants for $30,000 in accordance with the verdict and in favor of the plaintiff for the excess amount of $39,000 but without the allowance of interest.

The plaintiff appealed to the St. Louis Court of Appeals from the judgment, order, and findings of the trial court made August 1, 1961. The St. Louis Court of Appeals, by its opinion reported in 360 S.W.2d 395, properly ordered the appeal transferred to this court on jurisdictional grounds. Where, as here, the judgment of the trial court purports to decide the constitutionality of a state statute, and the question is preserved for review, appellate jurisdiction is in the supreme court. Art. V, § 3, Constitution of Missouri 1945, V.A.M.S.; State ex rel. Jenkins v. Bradley,

Mo., 358 S.W.2d 38; State v. Errington, Mo., 355 S.W.2d 952; Marshall v. Kansas City, Mo., 355 S.W.2d 877; Kansas City v. Hammer, Mo., 347 S.W.2d 865; Callahan v. Connecticut General Life Insurance Co., Mo.App., 201 S.W.2d 406.

■ Among other contentions, the defendants assert that § 523.045 does not impose an obligation on the condemnee to pay interest on a deposit left in the registry of the court because the deposit in court of the commissioners' award is not a payment to the defendants within the meaning of the interest statute and cannot lawfully render the condemnee liable to pay interest until he withdraws an amount which is thereafter adjudged to be in excess of that to which he is entitled as damages for the taking of his land. It is a cardinal rule of statutory construction that where a statute is fairly susceptible of a construction in harmony with the Constitution it must be given that construction by the courts and, unless the statute is clearly repugnant to the organic law, its constitutionality must be upheld. City of Joplin v. Industrial Commission of Missouri, Mo., 329 S.W.2d 687, 692 [6]; Brown v. Morris, 365 Mo. 946, 290 S.W.2d 160, 167 [8]; State on inf. Dalton v. Metropolitan St. Louis Sewer Dist., 365 Mo. 1, 275 S.W.2d 225, 234 [23]; State ex inf. McKittrick v. American Colony Ins. Co., 336 Mo. 406, 80 S.W.2d 876, 882–883 [5]; State ex rel. Barrett v. May, 290 Mo. 302, 235 S.W. 124, 126 [3].

■ Courts will not ordinarily pass on constitutional questions where the case presented may be properly decided without doing so. McIntosh v. Connecticut General Life Ins. Co., Mo., 366 S.W.2d 409, 412 [2]; City of St. Joseph v. Roller, Mo., 363 S.W.2d 609, 612 [6]; Rider v. Julian, 365 Mo. 313, 282 S.W.2d 484, 497 [23]. We have concluded that § 523.045 is fairly susceptible to the construction that it does not impose on the condemnee an obligation to pay interest on the fund left on deposit in the registry of the court.

The Constitution of Missouri 1945, Art. I, § 26, provides: "That private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be provided by law; and *until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested.*" Italics added. The requirement of paying the award to the owner or into court for the owner before the condemnor takes possession is carried over into the statutes. Sections 523.040 and 523.050, 1959, V.A.M.S.

■ The condemnor is not required to take possession of the land before obtaining a final adjudication of the owner's damages. If it chooses not to take possession, the condemnor still has ten days to elect to abandon the condemnation after final assessment of damages has been made, either by subsequent commissioners or by a jury. State ex rel. State Highway Commission v. Deutschman, 346 Mo. 755, 142 S.W.2d 1025, 1028 [2]. The legal obligation of the condemnor to deposit in court the amount of the commissioners' award as a condition precedent to taking possession of the land is clear; it is independent of the statutory provisions for interest which were enacted in 1959.

Section 523.045, the statute we are called on to construe, provides for the payment of interest in several situations. The portion with which we are particularly concerned provides that: " * * * if the amount of the award shall be superseded by a subsequent verdict or amount smaller than the award *paid*, then *judgment* shall be entered against said persons named *to repay* to condemnor the amount by which the award *paid* exceeds the amount of the verdict, with six per cent interest on such excess *payment* from the date of the *payment* of the award." Italics added.

■ The generally accepted definition of interest is "the compensation allowed by law, or fixed by the parties, for the use or forbearance of money, or as damages for its detention." 47 C.J.S. Interest § 1, p. 8. "The theory on which interest is allowed on any fund is that it is held in such a way that it may be put to work and earn it, that is to say, that the relation of debtor and creditor exists between the owner and user of the fund rather than that of fiduciary or trustee." 47 C.J.S. Interest § 3, p. 13.

"It has very generally been said that, where a fund in litigation, or the amount of a disputed claim, is deposited in court, or is subject to its order, particularly where the one depositing the fund is a mere stakeholder, interest is not recoverable thereon during the time it remains so deposited, * * *." 47 C.J.S. Interest § 54, p. 66. A somewhat similar statement is found in 47 C.J.S. Interest § 25, p. 38, relating to funds in litigation or in custody of law.

■ The award on deposit in the registry of the court has the attributes of a fund in litigation which cannot be distributed without an order of the court. In condemnation cases the approved method is to assess in one sum the damages to a particular lot or tract of land and to require the owner of the fee, lessees, trustees, mortgagees, and other claimants to apply to the circuit court for the apportionment of the damages among them according to their various interests. State ex rel. State Highway Commission v. Conrad, Mo., 310 S.W.2d 871, 877 [7]. The condemnor is not concerned with the rights of rival claimants to the award because the fund deposited in court is substituted for the property taken in condemnation. St. Louis Housing Authority v. Evans, Mo., 285 S.W. 2d 550, 553–554 [10]; State ex rel. McCaskill v. Hall, 325 Mo. 165, 28 S.W.2d 80, 69 A.L.R. 1256. In the instant case Shell Oil Company and a trustee had interests in the fund deposited and it was two months before the court made its order authorizing

the withdrawal of $30,000. A considerable amount of time may be required to dispose of adverse claims in condemnation cases especially where some of the condemnees are served by publication and may not have actual knowledge of the proceedings. Then, too, where exceptions are filed, the issue as to the amount of damages ultimately to be distributed remains unsettled. We must assume that matters such as these were within the knowledge of the drafters of the interest statute and the members of the general assembly and that it is not the intent of the enactment to impose an unreasonable and unjust requirement.

The justification for requiring the deposit in court and the need of the owner being in default before interest can be charged is well stated in the early case of St. Louis, K. & N. W. R. Co. v. Knapp, Stout & Co. 160 Mo. 396, 61 S.W. 300, 305: "No statute allows interest under circumstances like those presented here. The land of defendant was seized in invitum. The law required the money to be put up for its protection while its land was put in possession of plaintiff. Extraordinary power was conferred on plaintiff, and, while it has been compelled to lie out of the use of its money pending the settlement of the amount it should pay, it is simply the price which the statute requires, and no default is traceable to defendant."

No Missouri case has been found dealing with interest on deposited funds, but the Federal Court for the Western District of Missouri said this in the early case of Bowman v. Wilson, 12 F. 864: "Interest is allowed upon the ground that the debtor is in default and has the use of claimant's money. It is never allowed where, by the order of a court of competent jurisdiction, or by the interposition of the law, or the act of the creditor, payment of a debt has been prevented. During the continuance of such prevention the interest does not run. If a fund is in the custody of the law—in the possession of a court—and cannot be paid

out without the order of such court, it does not ordinarily bear interest."

■ The language employed in § 523.045 is consistent with an intention not to obligate the condemnee to pay interest on the refund to which the condemnor becomes entitled when the condemnee has not withdrawn the award and it has remained in the registry of the court. The portion of the statute in question provides that interest on the excess shall run from "the date of the payment of the award." If this means the date of the *deposit* in court (as the trial court evidently construed it), then there would be serious doubt as to the constitutionality of the provision because, as we have seen, the date of deposit may have no relation to the time when withdrawal by the condemnees is authorized or can be made with assurance that there will be no liability to refund with interest.

■ For the purpose of taking possession of the land, the condemnor has paid the owner when he has deposited the amount of the award "into court for the owner" (Art. I, § 26), but the owner has not been paid for other purposes until he has actually received the money. See 29 C.J.S. Eminent Domain § 191, p. 1088. Where the condemnee has not withdrawn the award, a judgment with its attribute of execution is not necessary to return the fund, or a part of it, to the condemnor. Where the money is in the registry of the court, all that is needed is a court order for the clerk to release and deliver the proper amount to the condemnor in accordance with the verdict of the jury. The words, "judgment", "payment", and "repay", as used in the statute, indicate a debt and the relation of debtor and creditor. This fits in with the situation where the landowner has actually received the amount of the commissioners' award, but it is at variance with the legal situation existing where the award remains in the registry of the court subject to its being distributed in accordance with the verdict of the jury. Section 523.045 did not purport to create any new legal relation such as

debtor-creditor, but only to provide for the payment of interest where the debtor-creditor relation exists. Under the statute the date of depositing the award in court is not the date of payment to the condemnee for the purpose of starting the running of interest. The date for interest purposes is when the condemnee withdraws a portion of the fund that he is thereafter required to repay to the condemnor.

■ If we were to hold, as the plaintiff urges, that § 523.045 obligates the defendants to pay interest whether or not they withdrew the fund from the registry of the court, serious questions would be presented as to the constitutionality of the Act. The distinction which the plaintiff fails to recognize is that the condemnor is required by law to pay the money into court as "the price" of divesting the owner immediately of his proprietary rights. On the other hand, there is nothing in the Constitution or the statutes which requires the condemnee to accept the fund on deposit either before or after final judgment. If the condemnee leaves the fund on deposit, he has done nothing to hinder or delay the condemnor in collecting his refund when he becomes entitled to it; he is not in default.

The construction we have given the interest statute harmonizes it with well-established principles of law and does no violence to the language employed. In view of our holding that the statute does not impose liability for interest in these circumstances, no case is presented for deciding the constitutionality of the statute. Also there is no need to pass on other contentions made by the defendants.

The plaintiff further contends that, apart from statutes such as § 523.045, courts have held that where the condemnor has paid in excess of the amount of damages finally determined he is entitled to interest on the excess. Three cases cited from other state jurisdictions involved a refund of money which the condemnee had withdrawn from the registry of the court. They are of no help to the plaintiff on the facts of this case.

Two Missiouri cases cited by plaintiff hold interest is not allowable without statutory authority. See St. Louis, K. & N. W. R. Co. v. Knapp, Stout & Co., Company, 160 Mo. 396, 61 S.W. 300, and State ex rel. Highway Commission v. Green, Mo., 305 S.W.2d 688, 693 [5]. We are not persuaded that we should depart from these holdings.

The plaintiff further asserts that, if the defendants believed the award of the commission was excessive and did not want to be held liable for interest, they should have released and restored the excess to the plaintiff by a tender under § 514.250 or by other appropriate action. The constitutional provision that the compensation "shall be paid to the owner, or into court for the owner," establishes a fund in court to which the owner may resort for payment when the amount due has been finally determined. This sort of security is not important in the case of the State Highway Commission which is and will remain solvent; however, Chapter 523 also applies to "railroad, street railway, telephone, telegraph or any electrical corporation" which have been known to have financial difficulties. The plaintiff furnishes no authority to support its assumption that the defendants could release the deposit, or any part of it, without surrendering or seriously impairing their right to litigate the issue of damages. The condemnor and the condemnees may be poles apart in their views on the amount of damages, but each is entitled to litigate the question and to accept the jury's verdict whether it is more or less than the amount which they believed to be recoverable.

Section 514.250 lends nothing to the plaintiff's contention in this regard. This section does not require a tender in the usual sense but only that the money be deposited in court which is exactly where the fund was. Furthermore, it has been held that § 514.250 does not, as the plaintiff implies, require that notice of the deposit be served on the other party. See Atkins v. Ost, 112 Mo.App. 256, 86 S.W. 903. The earlier case of Crawford v. Armstrong, 58

Mo.App. 214, also points out that the statute makes no provision for any notice other than that arising from the deposit of the money "of which the clerk shall and usually does make a minute upon his records." 58 Mo.App. loc. cit. 217. The plaintiff here is in no position to claim that it was entitled to notice that the defendants had withdrawn only a portion of the deposit. In the circumstance the defendants were not obliged to retender the deposit. If any overtures were to be made, the obligation to do so was equally, or more so, upon the plaintiff. It appears that the plaintiff was contending that the value of the land was only $13,000 and it is the one that filed the exceptions which prolonged the litigation.

We have considered all of appellant's contentions and find them to be without merit. Although the court erred in holding the statute unconstitutional, it reached the correct result. For the reasons assigned in this opinion, the judgment is affirmed.

EAGER, LEEDY, and HOLLINGSWORTH, JJ., concur.

DALTON and HYDE, JJ., concur in result.

WESTHUES, C. J., dissents in separate opinion filed.

WESTHUES, Chief Justice (dissenting).

I cannot concur in the result reached in the able opinion of STORCKMAN, J.

The amount paid into the registry of the court by the condemnor for the benefit of the condemnee is treated in the opinion as a fund in litigation. The fund is not in fact in litigation. The condemnee, and only the condemnee, has the only control over the fund. He may withdraw it and do with it as he pleases. If he spends it or loses it in a poor investment, he has not thereby breached any obligation to the condemnor or anyone else. Payment by the condemnor of

the fund into court is treated in the condemnation statute as a payment to the condemnee.

The statute, Sec. 523.045 RSMo 1959, V.A.M.S., now before us for construction, does not say that the condemnee shall pay interest in case he has withdrawn the money, but provides in mandatory language that in the event the verdict is for less than the award, "then judgment shall be entered against said persons named to repay to condemnor the amount by which the award paid exceeds the amount of the verdict, with six per cent interest on such excess payment from the date of the payment of the award."

In my opinion, the court has placed a strained construction on the statute and has interpolated a provision not contained therein to reach a more equitable result for the benefit of the property owner. To attain such a result, application should be made to the legislature for relief. I have no doubt that the legislature would amend the statute if the matter were called to its attention.

I, therefore, respectfully dissent.