WASHINGTON UNIVERSITY MEDICAL
CENTER REDEVELOPMENT
CORPORATION, Appellant,

v.

Otis E. SEE, Respondent.

No. 46066.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 10, 1983.

Motion for Rehearing and/or Transfer
Denied July 6, 1983.

Gerard T. Carmody, St. Louis, for appellant.

John H. Lamming, J.B. Carter, St. Louis, for respondent.

CRANDALL, Presiding Judge.

This is an appeal from the trial court's dismissal of appellant's election to abandon condemnation. The issue presented is the timeliness of appellant's election. We reverse and remand.

Appellant, Washington University Medical Center Redevelopment Corporation, is a private redevelopment corporation with the power of eminent domain. Appellant instituted condemnation proceedings in the circuit court to acquire four parcels of land belonging to respondent, Otis E. See. The circuit court entered its order of condemnation, appointed commissioners, and received their report. Both parties then filed exceptions to the assessments on all four parcels. The exceptions were consolidated for trial by jury. The jury assessed respondent's

damages on each of the parcels and judgments were entered on the verdicts. Appellant did not file a motion for new trial or a notice of appeal. On the 40th day after the jury verdicts (the 10th day after the judgments became final), appellant filed its election to abandon condemnation of parcel 4. After filing its election to abandon parcel 4, appellant paid the damages for parcels 1, 2, and 3 into court. Appellant did not pay the assessment on parcel 4 into court or take possession of that parcel. On motion by respondent, the trial court denied appellant's election to abandon stating that the election was untimely because it was not filed within ten days of the jury verdicts.

Abandonment of condemnation proceedings is governed by Rule 86.06 which provides in pertinent part:

\* \* \* \* \* \*

Upon making payment to the clerk of the amount assessed, for the party or parties in whose favor such damages have been assessed, it shall be lawful for the condemner to take possession and hold the interest in the property so appropriated for the uses aforesaid; and, upon failure to pay the assessment aforesaid within ten days after it becomes final, ... the court may, upon motion and notice by the party entitled to such damages, enforce the payment of the same by execution, unless the condemner shall within said ten ... day period, elect to abandon the proposed appropriation of any property, by an instrument in writing to that effect, .... [1]

The question presented for our determination is whether appellant's election to abandon within forty days after the judgment on the jury verdict conforms to the procedure set out in the Rule. The answer to this question requires a determination of when the assessment became final.

After a condemner receives proper notice of the commissioners' award, he has

---

1. Section 523.040, RSMo (1978) requires any election to abandon to be filed within ten days from the return of the assessment by the commissioners. The provisions of the rule regarding timeliness of abandonment, as a matter of procedure, govern over any conflicts between the rule and the comparable statute. Rule 41.-02; *see State ex rel. Morton v. Allison,* 365 S.W.2d 563, 564 (Mo. banc 1963) (where the court stated that Rule 86.06 was "promulgated in an effort to supply deficiencies and generally to clarify condemnation procedures ...." provided for by §§ 523.010, RSMo (1978) *et seq.*).

ten days in which to abandon the condemnation or file exceptions to the award.[2] Rules 86.06, 86.08. If exceptions are filed, the commissioners' award is no longer a final assessment unless the exceptions are withdrawn or dismissed; and therefore, the filing of exceptions, in effect, extends the time in which a condemner may abandon. *State ex rel. State Highway Commission v. Deutschman,* 346 Mo. 755, 142 S.W.2d 1025, 1028 (1940). A condemner may also abandon condemnation within ten days after verdict is rendered in the trial of the exceptions, though such an extension of time for abandonment is not expressly provided for by the applicable rules or statutes. *See* § 523.040, RSMo (1978); *State ex rel. Hilleman v. Fort,* 180 Mo. 97, 79 S.W. 167, 171 (1904); *see e.g. Center School District No. 58 of Jackson County v. Kenton,* 345 S.W.2d 120, 122 (Mo.1961).

■ The judicial construction of Rule 86 and the applicable statutes in these cases recognizes the condemner's right to ascertain the final price of the parcel and to discontinue proceedings if the price is too high.[3] The legislature has also recognized the right to abandon after a final assessment by providing for interest on the award from the date of the commissioners' report to the date of abandonment. § 523.045, RSMo (1978). By protecting the condemnee from damages suffered as a result of the pendency of the proceedings, § 523.045, RSMo (1978) implies a right to abandon after appeal. *See Missouri State Park Board v. McDaniel,* 513 S.W.2d 447, 452 (Mo.1974). We hold that the assessment of damages becomes final when it is no longer subject to change. It is from this point that the ten-day period in which a condemner may elect to abandon begins to run.

2. If the condemner is a municipality it has thirty days in which to abandon. Rule 86.06.

3. An exception is when the condemner has paid the assessed damages into court and thereby taken title to the property. At this point the right to discontinue the proceedings ceases even though the final assessment may not have been determined. *State ex rel. State Highway Commission v. Deutschman,* 346 Mo. 755, 142 S.W.2d 1025, 1028 (1940); *see Kansas City v. McElroy,* 331 S.W.2d 28, 32 (Mo.App.1959).

■ In this case the assessment of the jury became final forty days after the judgment on the verdict was entered.[4] At that point, and not before, the appellant could be certain the assessment would not change; and so, from that point, the appellant had ten days in which to elect to abandon. Appellant filed its election to abandon prior to the running of the ten-day period and therefore the election was timely.

The trial court's order dismissing appellant's election is reversed and the case is remanded with directions to grant appellant's election to abandon condemnation of parcel 4.

REINHARD and CRIST, JJ., concur.

4. After the thirty-day period appellant had ten days to appeal which would have subjected the assessment to possible further change by the appellate court. *See Missouri Public Service Co. v. Argenbright,* 457 S.W.2d 777, 782 (Mo. 1970). Since the trial court took no action on the judgment within the prescribed thirty-day period and neither party filed a notice of appeal, the assessment became final by virtue of the passage of time.