STATE OF MISSOURI EX REL. OSCAR E. BUDER, Relator, v. WILLIAM C. HUGHES ET AL., Judges of the St. Louis Court of Appeals.—No. 37950.—166 S. W. (2d) 516.

Division One, December 1, 1942.

Rehearing Denied, December 15, 1942.

■■■■■■■■■■■■

■■■■■■■■■■■■

*E. E. Schowengerdt* and *Buder & Buder* for relator.

*Joseph F. Holland, James B. Steiner, Herbert F. Hahn* and *Oliver T. Johnson* for respondents.

DOUGLAS, P. J.—This is an original proceeding in certiorari to review for conflict with our decisions respondents' opinion in the case of City of St. Louis v. Koch (Mo. App.), 156 S. W. (2d) 1.

That case was a condemnation proceeding for widening and extending Natural Bridge Boulevard in St. Louis. Benefit taxes were assessed against the land here involved and judgment was entered for them on November 6, 1931. Later the land was sold for general taxes under the provisions of the Jones-Munger Act of 1933 (now Sec. 11117 et seq., R. S. 1939), then applicable to the City of St. Louis. Relator purchased the land at the tax sale and received a certificate of purchase. The Act provides that such a certificate may be exchanged for a deed if there is no redemption. Respondents found that the redemption period had not expired. Some time after the tax sale, and during the redemption period, the holder of the judgment for the benefit taxes applied to the circuit court for scire facias to revive the judgment. The judgment was revived and execution issued. We enter the case with relator's motion to quash the execution. The trial court overruled the motion. Its ruling was affirmed by the respondents, the judges of the St. Louis Court of Appeals. Relator comes here on the claim their decision is in conflict with our rulings.

There are a number of issues considered in respondents' opinion. The chief claim of conflict turns on the question whether the lien of the judgment for the benefit taxes is wiped out by the sale for general taxes. Relator contended in the court of appeals that the judgment lien was extinguished by the sale so that no execution could issue.

In the course of their opinion, respondents said:

"Appellant's contention that he, as purchaser at the tax sale on November 14, 1938, acquired an absolute estate in fee simple in the property and that said tax sale wiped out inferior liens, leaving to the holder thereof only the right of redemption under the statutes supra, cannot be sustained. Such contention is based upon the assumption that the lien of the judgment of November 6, 1931, for the benefit assessment was an inferior lien. It would follow of course that, if the judgment of November 6, 1931, was inferior, the same would be true of the revived judgment because the judgment as revived would necessarily be of the same quality and dignity as the original judgment, neither greater nor less. We are unable, however, to agree that said judgment lien was inferior to appellant's lien.

"Section 8 of Article XXI of the St. Louis Charter, under which the judgment in the condemnation proceedings was rendered, provides:

" 'Sec. 8. The Court upon approving the commissioner's report *shall render final judgment thereon* reciting the report and adjudging that the City have and hold the property petitioned for, describing the same, for the purposes specified, upon payment of the damages less the benefits assessed in each instance; that so much of the report as is a judgment for benefits against specific property *be a lien on such property for ten years from entry of the judgment, and prior to all other liens thereon*; and that the City recover the respective benefits in excess of damages assessed in each instance against private property with interest from date of judgment *and have execution therefor.* . . .' (Emphasis ours.)

"While it is true the lien of the judgment of November 6, 1931, which was revived herein cannot be held to be prior or ▮▮▮ superior to the lien for general taxes on the property in view of the decisions of our Supreme Court (see Morey Engineering & Const. Co. v. St. Louis Artificial Ice Rink Co., 242 Mo. 241, 146 S. W. 1142, 40 L. R. A. (N. S.) 119, Ann. Cas. 1913C, 1200, and the many cases cited therein), nevertheless such lien was superior and prior to the deed of trust held by Buder as well as superior and prior to the tax sale certificate of purchase held by him after the sale for taxes. This by virtue of Section 8, Article XXI of the St. Louis Charter quoted supra, which specifically makes such a benefit judgment 'prior to, all other liens thereon', except, as held in the Morey case, supra, the lien for general taxes." 156 S. W. (2d) 1. c. 5.

▮ Respondents apparently have thus ruled that the judgment lien is superior to the interest relator acquired in the property through his purchase at the tax sale, even though they state the lien for general taxes is superior to the judgment lien. Such ruling is in conflict with the general principle announced by this court that the purchaser at a sale foreclosing the State's superior lien for taxes acquires an interest superior to those holding inferior liens. Stafford v. Fizer, 82 Mo. 393; Richards v. Earls, 345 Mo. 260, 133 S. W. (2d) 381.

▮ The principle was qualified by the requirement that the holders of inferior liens must be parties to the tax foreclosure proceedings if they are to be concluded. See Gitchell v. Kreidler, 84 Mo. 472. That requirement arose because, before the Jones-Munger Act, the lien for taxes was foreclosed by suit. If inferior lien holders were made parties to the suit, their liens were extinguished. Under the Jones-Munger Act no suit is required but the tax lien is summarily foreclosed by sale after advertisement. The advertisement gives notice to all persons interested in the land to be sold. They are, therefore, in the same position as those who were made parties to the

tax suit under the former procedure except they have the right of redemption expressly given by the act.

The act states in Sec. 11125: "All land and lots on which taxes are delinquent and unpaid shall be subject to sale to discharge the lien for said delinquent and unpaid taxes . . . and it shall not be necessary to include the name of the owner, mortgagee, occupant or any other person or corporation owning or claiming an interest in or to any of said lands or lots in the notice of such sale . . ." So far as an ordinary purchaser at a tax sale held under the Act is concerned, all inferior liens are foreclosed by the sale. Such liens are subject to reinstatement by redemption. See Gilmore v. Hibbs, 347 Mo. 1072, 152 S. W. (2d) 26. Therefore, assuming relator is an ordinary purchaser, so far as he is concerned the tax sale wiped out the judgment lien. If there should be no redemption, relator would be entitled to a deed to the land freed of the judgment lien.

While relator's interest as a certificate holder is superior, yet we might point out that the holder of the judgment lien may still proceed with his execution sale at least during the time for redemption. Respondents state in their opinion that the redemption period has not expired. Accordingly relator's interest as a certificate holder is subject to the rights of redemption of the record owner or of lien holders. The effect of the execution sale would be to transfer such title as remains in the record owner including his right to redeem from the tax sale. The execution sale would wipe out any liens junior to the judgment lien and the rights of redemption in their holders. A purchaser at the execution sale would necessarily take subject to the superior rights of the certificate holder.

This court recently held in Hobson v. Elmer, 349 Mo. 1131, 163 S. W. (2d) 1020, that the title of the record owner may be transferred during the period of redemption, subject to the rights of the certificate holder.

It follows that there is no conflict caused by respondents' judgment which affirms the judgment of the trial court overruling the motion to quash the execution.

Relator also held a deed of trust on the land. Respondents consider this fact in their opinion but we need not go into the question whether relator, because he owned such deed of trust, was an interested purchaser so that he could not cut out the holder of the judgment lien by his purchase at the tax sale if such holder is ready to do what is equitable. No claim of conflict on this theory has been advanced nor do we find that this court has ever ruled the precise question as between a mortgagee and the holder of a superior judgment lien. Nor have we considered the question in connection with the Jones-Munger Act where all lienors have rights of redemption under the statute. We have passed on the relative rights and duties as between first and second mortgage holders when tax purchases have been made under other tax laws. Chrisman v. Hough, 146 Mo.

102, 47 S. W. 941; Landau v. Cottrill, 159 Mo. 308, 60 S. W. 64; Davis v. Evans, 174 Mo. 320, 73 S. W. 512. In the Chrisman case, supra, we held that if the foreclosure sale of a prior mortgage is to bar a tax title acquired by a junior mortgagee, provision must be made in the foreclosure decree to reimburse the holder of the tax title for the cost of acquiring such title.

Our recent case of State ex rel. McGhee v. Baumann, 349 Mo. 232, 160 S. W. (2d) 697, holding inferior tax liens were destroyed by the sale, turned on the question as to what taxes the purchaser was required by the act to pay as a prerequisite to receiving a final deed and is not apposite here.

Relator also claims conflict with respondents' ruling that he was not a necessary party defendant in the proceeding for scire facias to revive the judgment. This court has held that suing out a writ of scire facias to revive a judgment is but a continuation of the suit in which the judgment was obtained. In re Jackman's Estate, 344 Mo. 49, 124 S. W. (2d) 1189. The statute requires that the scire facias be served on the defendant, "his legal representatives, terre tenants or other persons occupying the land." Sec. 1274, R. S. 1939. "Defendant" as used in the statute refers to the defendant in the original suit against whom the judgment was rendered. The opinion states that relator was not a defendant in the original suit. There is no showing he is occupying the land. Relator cites no ruling of this court that a person in his shoes comes within the terms of the statute so as to be a necessary defendant to the suing out of a writ of scire facias. His claim of conflict necessarily falls.

Relator's other claims of conflict are not sustained by an examination of the cases. For instance the case of City of St. Louis v. Brinckwirth, 204 Mo. 280, 102 S. W. 1091 advanced by relator, is expressly distinguished in Schwab v. City of St. Louis, 310 Mo. 116, 274 S. W. 1058, cited and relied on by respondents. The latter case which construes the present charter of St. Louis points out that the Brinckwirth case construed a former charter. Under such facts the decision in the Brinckwirth case presents no basis of conflict.

Accordingly, only that part of respondents' opinion we have found to be in conflict with the decisions of this court should be quashed. It is so ordered. All concur except *Hays, J.,* absent.