ST. LOUIS HOUSING AUTHORITY, a Municipal Corporation, Respondent,

v.

Anne M. EVANS, Appellant,
City of St. Louis, Respondent.

No. 44807.

Supreme Court of Missouri.

Division No. 2.

Dec. 12, 1955.

Motion to Transfer to Court en Banc Denied Jan. 9, 1956.

Anne M. Evans, St. Louis, for appellant.

Samuel H. Liberman, City Counselor, Andrew J. Reis, Associate City Counselor, St. Louis, for respondent, City of St. Louis.

BOHLING, Commissioner.

This is an appeal by Anne M. Evans from eminent domain proceedings instituted by St. Louis Housing Authority, a municipal

corporation, herein referred to as condemner, to acquire certain real property for the purpose of slum clearance and erection of low-rent housing projects. §§ 99.010–99.230. Statutory references are to RSMo 1949 and V.A.M.S. unless otherwise indicated. Among the different tracts involved were "Lots 6, 7 and 8 of B. A. Soulard's Addition and in Block 412 of the City of St. Louis * * *," known in the record as Parcel No. 18. Both Miss Evans and the City of St. Louis, a municipal corporation, claimed title to said parcel. The commissioners awarded $8,100 damages and compensation for the taking of said parcel; and, after hearing, the trial court awarded the $8,100 to the City. Miss Evans has appealed, joining St. Louis Housing Authority and the City as respondents.

The transcript of the record filed here, agreed to by Anne M. Evans and condemner, discloses, so far as material, the following: Condemner instituted the proceeding on September 25, 1953. On December 17, 1953, Miss Evans, appearing pro se, filed a pleading captioned: "Answer of Anne M. Evans," alleging, among other things, that she was the owner of said Parcel No. 18, that she was not indebted to the City for any taxes, and that she valued said property at $95,000. Thereafter, January 7, 1954, the court appointed commissioners to assess the damages for the taking of the property. On February 9, 1954, said commissioners filed their report, awarding $8,100 as damages and compensation for the land and improvements on Parcel No. 18. The $8,100 was paid into the registry of the court on February 11, 1954. No exceptions were ever filed by Miss Evans to said award.

On October 11, 1954, Miss Evans filed a motion for the distribution to her of the $8,100 award. On October 29, 1954, the City filed a motion for an order to distribute said award to it. Miss Evans filed a motion to dismiss the last mentioned motion of the City and for the payment of said $8,100 to her, alleging that she was the owner of said property and that the tax sale proceedings and deeds under which

the City claimed title did not affect her title to said property. A number of exhibits were attached to said motion to dismiss.

On November 12, 1954, a hearing was held in which Miss Evans and the City appeared. Miss Evans appeared pro se and was represented by counsel. She testified at the hearing. The hearing was on both motions for distribution and Miss Evans' motion to dismiss the City's motion for distribution.

Miss Evans introduced in evidence a sheriff's deed under a special execution issued on a judgment entered October 16, 1930, for the nonpayment of benefits assessed in a condemnation proceeding, conveying the lots aforesaid to Anne M. Evans. The deed bears date of September 22, 1936, and was recorded in the office of the Recorder of Deeds September 23, 1936. It recites, among other things, that the sale was held July 21, 1936, and that Miss Evans paid $141.06 for each of said three lots, or a total of $423.18.

The City introduced in evidence its tax deeds and offered testimony covering the tax sale proceedings. The City's exhibits are not found in the transcript, but certified copies of said deeds were attached to Miss Evans' aforesaid motion to dismiss and were offered in evidence by her. The transcript indicates that the three tax deeds, one for said Lot 6, one for said Lot 7, and one for said Lot 8 were executed August 8, 1941, and recorded in the office of the Recorder of Deeds September 2, 1941. The lots were first offered for sale for the nonpayment of taxes in November, 1935, and again in November, 1936, and a third time in November, 1937, at which sale the City was the highest and best bidder, and received certificates of purchase. At the sale in November, 1937, each lot was sold for the nonpayment of general taxes for the years 1930 through 1936. The respective deeds state Lot 6 was sold for $262.54; Lot 7 was sold for $262.56, and Lot 8 was sold for $264.05.

Miss Evans testified that she collected the rents until about 1941, "as near as I

can recall," and that "the City seized the property about 1941." She never paid any taxes on the property. Her pleading herein attacking the City's tax deeds was filed in November, 1954.

■ The City filed a motion to dismiss the appeal on the ground the transcript of the record does not comply with § 512.110 and 42 V.A.M.S. Supreme Court Rule 1.04. Several attacks are made against the transcript. The City refused to agree to the transcript because of its condition. The transcript was not settled and approved by the trial court. As pointed out in Brand v. Brand, Mo., 245 S.W.2d 94, only two methods of verification of a transcript of record are provided for by § 512.110(3). The parties may agree that the transcript correctly includes all of the record, proceedings and evidence. The trial court must approve an abbreviated transcript and also any transcript the parties fail to agree to as being correct. It follows that the motion of the City to dismiss must be sustained. Brand v. Brand, supra; Evans v. Buente, Mo., 284 S.W.2d 543.

■ The same practical result would be reached in the instant case upon an examination ex gratia of the merits as disclosed by the transcript, and afford additional support for condemner's position. The tax sale and deeds were under the Jones-Munger Act, Laws 1933, p. 425 et seq. Land is "chargeable with its own taxes, no matter who is the owner, nor in whose name it is or was assessed." § 137.170. At the time of the instant tax sale it was not necessary to include the name of the owner in the notice of a sale. Laws 1933, p. 430, § 9952a;[1] Granger v. Barber, 361 Mo. 716, 236 S.W.2d 293, 296 [4, 5]. The collector's deed vests "in the grantee an absolute estate in fee simple * * *", Laws 1933, p. 438, § 9957,[2] a title superior to that of Miss Evans. State ex rel. Buder v. Hughes, 350 Mo. 547, 166 S.W.2d 516, 518 [1, 2, 4]; United States v. Land in City of St. Louis, D.C., 57 F.Supp. 601, 605 [5]. Miss Evans

bid in said lots for $423.18 on July 21, 1936, and the City bid them in for $789.15 in November, 1937. Miss Evans made no effort to redeem. The holding of the trial court may also be sustained on other grounds, but the foregoing is sufficient. A number of issues were ruled adversely to Miss Evans in Evans v. Buente, supra.

■ From what we have said and the fact that the judgment awarding the $8,100, representing Parcel No. 18, to the City was correct and final, it follows that Miss Evans had no interest and no valid claim against condemner connected with said Parcel No. 18, the subject matter of the litigation. University City v. Chicago, R. I. & P. R. Co., 347 Mo. 814, 149 S.W. 2d 321, 323 [1, 2]. In addition, as pointed out by condemner: The condemnation proceedings were subject to the procedure in Chapter 523(§ 99.120), and the civil code does not apply unless so provided by the legislature. State ex rel. Fugatt v. Hawkins, Mo.App., 264 S.W.2d 387, 392 [4]. We find no provision for the filing of the pleading of December 17, 1953, captioned "Answer of Anne M. Evans" Springfield & So. R. Co. v. Calkins, 90 Mo. 538, 545, 3 S.W. 82, 85, and her contention that she was entitled to judgment against condemner because no reply was filed thereto is without merit. A description of land carries with it the buildings and the $8,100 award in the report of the commissioners was expressly stated to be "for the land and improvements thereon." Kansas City v. Morse, 105 Mo. 510, 519, 16 S.W. 893, 895. Miss Evans filed no exceptions to the report of the commissioners, § 523.050, but filed a motion for the distribution of the $8,100 to her and without objection participated in the hearing on her and the City's motion for distribution. She was in court. State ex rel. State Highway Comm. v. Brown, 231 Mo.App. 56, 95 S. W.2d 661, 669; Butler County R. Co. v. Barron, 173 Mo.App. 365, 370, 158 S.W. 872, 874. The payment of the award into court substitutes the fund for the property taken and the instant condemner was not

1. Now Section 140.150.

2. Now Section 140.420.

concerned with the rights of the rival claimants thereto. Consult State ex rel. McCaskill v. Hall, 325 Mo. 165, 28 S.W.2d 80, 82, 69 A.L.R. 1256.

The appeal is dismissed as to respondent City of St. Louis and the judgment is affirmed as to respondent St. Louis Housing Authority.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.