Oscar **LOHR**, Appellant,

v.

**COBUR CORP.**, a corporation, et al., Respondents.

No. 42958.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 23, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

Application to Transfer Denied
Nov. 10, 1981.

William C. Barnett, Clayton, Robert A. Hamilton, St. Louis, for appellant.

Harold A. Thomas, Dennis T. McCubbin, St. Louis, for respondents.

REINHARD, Judge.

Plaintiff brought this action to quiet title. Defendants counterclaimed asking that the court declare their deed of trust to be in full force and effect. Defendants moved for summary judgment on plaintiff's petition and their counterclaim. The trial court granted defendants' motion and plaintiff appeals. Defendants' motion to dismiss appeal because of defective brief is denied.

Plaintiff purchased the subject real estate at a tax sale held under the provisions of the Jones-Munger Act, Laws of Mo.1933, p. 425 (codified in Chapter 140, RSMo 1969).[1] The sale was held August 26, 1977, and a Collector's deed executed and delivered on that date. On July 24, 1979, proceeding under § 140.330, RSMo 1978, plaintiff filed suit to quiet title to the property described in his deed. The defendants were Cobur Corporation (the title holder at the time of the sale), Thomas J. Powers, and Pioneer Bank & Trust Company.[2]

In their answer defendants alleged that Pioneer is the holder of a first deed of trust filed for record on June 16, 1971, and that Powers is trustee under the same instrument. They alleged, both in their answer and in their counterclaim, various deficiencies in the sale process affecting plaintiff's title.

Defendants moved for summary judgment asserting the same grounds alleged in their counterclaim. Specifically, defendants contended that (1) plaintiff's deed was void because it was not executed in strict compliance with the statute, and (2) the tax sale was invalid because published notice of the sale proceedings was not in compliance with the statute. Defendants further claimed that if plaintiff's deed is not void, it is subject to their prior recorded deed of trust. Finally, they asserted that if plaintiff's title is not subject to their deed of trust, the Jones-Munger Act is unconstitutional. Defendants' motion was supported by affidavits of defendants, the deposition of the Collector, and exhibits.

The trial court sustained defendants' motion for summary judgment holding that plaintiff's Collector's deed is void, that the tax sale is void and invalid, and that defendants' deed of trust is in full force and effect. We have examined the record and hold that the court erred in granting summary judgment.

---

1. All references to the Revised Statutes are to the 1969 codification unless otherwise noted.

2. Cobur Corporation did not join in this appeal. Hereafter, reference to "defendants" include only Mr. Powers and Pioneer Bank & Trust Company.

The only contention made by defendants as to the deficiency in the execution of the deed was that it was not witnessed by the county clerk as required by § 140.460(1). Failure to comply with this section has been held to render a Collector's deed void. *Klorner v. Nunn*, 318 S.W.2d 241 (Mo.1958).

Under the Jones-Munger Act, land is first offered for sale by the county collector in order to recover delinquent taxes under § 140.190. Only so much of the land is sold as is necessary to recover the amount by which the owner is delinquent. § 140.-190(2). If no person bids a sum equal to the amount of delinquent taxes (plus certain other charges), the Collector so notes in the back tax book, and the land is reoffered at the next sale. § 140.240(1). The same is true of the second offering. A certificate of purchase is issued to a buyer at either the first or second offering. § 140.290. The land is subject to redemption by the owner for a period of two years, § 140.340, at the end of which the buyer may exchange the certificate of purchase for a Collector's deed, § 140.420.

A third offering is conducted differently. The land is sold at a third offering to the highest bidder. § 140.250(1). Originally, Jones-Munger provided that a purchaser at a third offering sale "shall acquire thereby the same interest therein as is acquired by purchasers of other lands at such delinquent tax sales." Laws of Mo.1933, Section 9953a, p. 432. Thus, the purchaser at a third offering sale received a certificate of purchase. *See State ex rel. City of St. Louis v. Baumann*, 348 Mo. 164, 153 S.W.2d 31 (Mo. banc 1941). This section was changed in 1939 to what is, for our purposes, its present form. Under the revised version, land sold at a third offering sale is not subject to redemption by the owner. § 140.250(1). A certificate of purchase is not issued, but rather the purchaser is "entitled to the immediate issuance and delivery of a collector's deed." § 140.250(2). Therefore, after the 1939 change, sections of the Jones-Munger Act which apply only when a certificate

of purchase is issued no longer apply to a third offering sale. *Journey v. Miller*, 363 Mo. 163, 250 S.W.2d 164 (Mo.banc 1952). Such a section is § 140.420, which reads:

> If no person shall redeem the lands sold for taxes within two years from the sale, *and on production of certificate of purchase*, ... the collector of the county in which the sale of the lands took place shall execute to the purchaser ... a conveyance of the real estate so sold, ....

(emphasis added). Likewise, § 140.450 applies only to sales for which a certificate of purchase is issued: "When conveyances are delivered for lands sold for taxes *the certificates therefor* shall be cancelled and filed away by the collector; ...." (emphasis added). Neither § 140.420 nor § 140.450 apply, therefore, to third offering sales.

■ Section 140.460, which immediately follows § 140.450, begins "*Such conveyance* ...." That reference refers back to § 140.450 and the use of the word "conveyance" in § 140.420, both of which require certificates of purchase and do not apply to third offering sales. Under this analysis, § 140.460(1) does not apply to third offering sales, and failure to comply with its requirements cannot render this Collector's deed void.[3]

The second ground for granting summary judgment was that the notice of sale was not in compliance with the statute. The third offering notice for the tax sale stated that "tax certificates are to be offered for sale" and that a "certificate will be issued and delivered to the purchaser." Such notice was used by a mistake made by the Collector's office. Because the sale was to be a third offering sale, a certificate would not be issued, but rather a Collector's deed would be issued.

■ The statute, however, is silent as to the form of notice to be used, saying only:

> To the list shall be attached and in like manner printed and published a *notice that* so much of *said lands* and lots as are necessary to discharge the taxes, interest

---

3. We note also that the deed set out in § 140.-460(2) recites that the purchaser has produced to the county collector a certificate of purchase.

and charges which are due thereon at the time of sale *will be sold* at public auction at the courthouse door . . . ."

§ 140.170(3) (emphasis added). The notice used in this case was not strictly correct, but it did comply with the statute in that it was notice that the land would be sold to discharge the delinquent taxes. Defendants do not contend they were prejudiced by the error and we fail to see why such an error would render the deed void or the sale invalid as a matter of law. In *Kennen v. McFarling*, 350 Mo. 180, 165 S.W.2d 681 (1942), advertisements for a third offering sale, held after the effective date of the 1939 revision of Jones-Munger, stated that tax certificates on the land were to be sold instead of stating that the land would be sold. Although the supreme court held the deed void on the basis of inadequate consideration, it stated with regard to the notice "[w]hile the notice of sale could have been better worded and the land could have been more clearly described, nevertheless we do not see how anyone could have been misled or could have misunderstood the purpose of the tax sales or what land was to be sold." *Id.* at 684.

The trial court also found merit in defendants' contention that a purchaser at a Jones-Munger tax sale takes title subject to pre-existing deeds of trust. We find this determination to be in error.

Missouri courts have long regarded the lien held by the holder of a deed of trust to be inferior to the state's lien for taxes. *Morey Engineering & Construction Co. v. St. Louis Artificial Ice Rink Co.*, 242 Mo. 241, 146 S.W. 1142 (1912). "[B]efore the Jones-Munger Act, the lien for taxes was foreclosed by suit. If inferior lien holders were made parties to the suit, their liens were extinguished." *State ex rel. Buder v. Hughes*, 350 Mo. 547, 166 S.W.2d 516, 518 (1942). Jones-Munger substituted an administrative proceeding for the judicial foreclosure and instead of being made parties to the suit, lienholders are notified by publication. The supreme court has held this notice to be the substantial equivalent of being made party to the suit under the former process.

Under the Jones-Munger Act, no suit is required but the tax lien is summarily foreclosed by sale after advertisement. The advertisement gives notice to all persons interested in the land to be sold. *They are, therefore, in the same position as those who were made parties to the tax suit under the former procedure* except they have the right of redemption expressly given by the act.

*Id.* at 518 (emphasis added). If they are indeed in the same position, then the lien held by defendants by virtue of the deed of trust is extinguished. *Id.*

The trial court did not reach defendants' contention that this result violates the Fourteenth Amendment to the United States Constitution under *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), and violates Article I Section 10 and Article X Section 13 of the Missouri Constitution.

Having determined that the trial court erred in granting summary judgment, we reverse and remand to the trial court for further proceedings.

CRIST, P. J., and SNYDER, J., concur.