Charles J. McMULLIN, Appellant,

v.

Burmer CARTER, Service Plumbing & Heating Co., and George Leachman, Tax Collector, St. Louis County, Missouri, Respondents.

No. 63514.

Supreme Court of Missouri, En Banc.

Oct. 12, 1982.

---

Charles J. McMullin, St. Louis, pro se.

Gary J. Morris, Don Williams, Asst. Co. Counselor, Clayton, for respondents.

Harold A. Thomas, Timothy K. Kellett, St. Louis, for amicus curiae.

SEILER, Judge.

This appeal arises from an action to quiet title to realty purchased by plaintiff on August 30, 1972, at a St. Louis County collector's delinquent tax sale, third offering, published and conducted under the Jones-Munger law (Chapter 140, RSMo 1978).

The trial court made a final order that § 140.170 is unconstitutional as it does not require the "tax collector to give notice by mail to persons owning and residing on property" sought to be sold by a tax sale. Further, the trial court voided the tax sale and the collector's deed for such failure of notice by mail and upheld co-defendant plumbing company's previously obtained judgment lien on the subject property.

Plaintiff seeks a reversal of the order, reinstatement of his tax collector's deed, and extinguishment of the judgment lien on the property. This court has jurisdiction because both constitutional and state revenue law questions are involved. Mo. Const. Art. V, § 3, as amended.

The property in question is a one bedroom home. Plaintiff's high bid of $1601.00 was one dollar above the total of delinquent taxes on the property for the years 1965–1971, inclusive, together with interest, penalties, court costs and attorney's fees. As required by § 140.170, the collector published notices of the tax sale of subject realty in a local newspaper of general circulation. It is undisputed that the notice was published the required number of times.

The evidence was that it was the practice and procedure of the county collector with respect to delinquent tax sales to send two letters to the delinquent taxpayer in advance of the delinquent tax sale. One is a certification which is notice of the sale. Then there is a final notice of the forthcoming sale. If there is no response to the final notice, one more notice is sent. The taxpayer denied receiving any such letters. All these are a matter of grace, however, on the part of the collector. All the statute requires is that no real property shall be sold for taxes without judicial proceedings, unless the notice of sale contains the names of all record owners thereof, or the names of all owners appearing on the land tax book and all other information required by law. § 140.150.2. The county collector is required to cause a copy of the list of delinquent lands and lots to be printed in some newspaper of general circulation published in the county for three consecutive weeks, one insertion weekly before the sale, the last insertion to be at least 15 days prior to the fourth Monday in August. § 140.170.1. In addition to the names of all record owners or the names of all owners appearing on the land tax book, it is only necessary in the printed and published list to state in the aggregate the amount of taxes, penalty, interest, and costs due thereon, each year separately stated, and the land therein shall be described in forty acre tracts or other legal subdivisions, and the lots shall be described by number, block, addition, etc. § 140.170.2.

No contention is raised that the published notice failed to comply with the statute in all respects. As said, the contention is that the statute is unconstitutional because it does not require notice by mail to persons owning and residing on the property.

In *Spitcaufsky v. Hatten,* 353 Mo. 94, 182 S.W.2d 86 (1944), the court had under consideration a tax collection statute where the service process was a notice by publication addressed solely to the lands, naming no personal defendants. The act was attacked on various grounds, including the claim of lack of due process and constitutional notice. The court pointed out that there are certain special features relating to due process in tax matters, saying first:

From time immemorial governments have collected tax revenues by summary administrative processes, not only without a jury but even without a judge . . . .

*Id.* at 95, 182 S.W.2d 86.

The court went on to say as follows: Due process is a very different thing in the assessment and collection of public taxes from the same right as applied to litigation between parties over private rights, the institution of the latter depending wholly on the will of the complainant. The reasons are apparent. The first is the government's exigent need for the pecuniary support necessary to its existence. The second is the futility of impeding the annual collection of taxes by requiring a predetermination of the titles to many parcels of land (in this case 25,000 or 30,000) and the identity and competency of their owners. The third is that taxes are collected periodically under fixed laws which, in a restricted sense, impart their own notice. The settled doctrine of the authorities is that the taxing power is wholly legislative, and that land may be summarily foreclosed and sold for delinquent taxes even by administrative procedure alone . . . .

*Id.* at 96, 182 S.W.2d 86.

In *Kennen v. McFarling,* 350 Mo. 180, 165 S.W.2d 681 (1942) a constitutional attack was made and rejected on the Jones-Munger tax law, the court saying as follows:

The constitutionality of the Jones-Munger Tax Law was upheld, against the contention that it violated Section 30 or Art. II of our Constitution because of insufficiency of its provisions for notice of sale, in *State ex rel. Karbe v. Bader,* 336 Mo. 259, 78 S.W.2d 835, 840. This court therein decided that the provisions for notice of sale were ample for due process, saying that "it [is] sufficient answer to the proposition that the bill is unconstitutional because denying the landowner due process of law, to say that until the notice provided for is given, the collector has no right to sell"; and that the questions raised concerning the notice "are matters going more to what might

be called the workability of the act rather than its constitutionality." Clearly, under our system of taxation, there are also ample provisions for notice and opportunity for hearing throughout the whole period of assessing, levying and equalizing taxes. . . . Therefore, viewing the Jones-Munger Tax Law as a part of our whole taxation system, and taking into consideration its provisions for notice of sale, we hold that it is not in conflict with the constitutional provisions invoked, and that it is a valid legislative act.

*Id.* 165 S.W.2d at 683.

■ We believe the foregoing cases are sound and should be followed, and we accordingly reject the claim that the statute is unconstitutional because it fails to provide for notice other than notice by publication and does not require the mailing of notice.

■ With respect to the claim that the judgment lien of the defendant plumbing company is subordinate to the title of plaintiff, this question has recently been reached and discussed in *Lohr v. Cobur Corp.,* 622 S.W.2d 270 (Mo.App.1981). There plaintiff had purchased the subject real estate at a tax sale held under the provisions of the Jones-Munger act and then, as here, proceeded under § 140.330 of said act to file suit to quiet title to the property described in his deed. One of the defendants of the quiet title suit was a bank holding a deed of trust on the property which had been entered into several years prior to the tax sale and the delinquent taxes. The court held the lien of the deed of trust was extinguished by the tax sale, saying as follows:

Missouri courts have long regarded the lien held by the holder of a deed of trust to be inferior to the state's lien for taxes. *Morey Engineering & Construction Co. v. St. Louis Artificial Ice Rink Co.,* 242 Mo. 241, 146 S.W. 1142 (1912). "[B]efore the Jones-Munger Act, the lien for taxes was foreclosed by suit. If inferior lien holders were made parties to the suit, their liens were extinguished." *State ex rel. Buder v. Hughes,* 350 Mo. 547, 166 S.W.2d 516, 518 (1942). Jones-Munger substituted an administrative proceeding for the judicial

foreclosure and instead of being made parties to the suit, lienholders are notified by publication. The supreme court has held this notice to be the substantial equivalent of being made party to the suit under the former process.

Under the Jones-Munger Act, no suit is required but the tax lien is summarily foreclosed by sale after advertisement. The advertisement gives notice to all persons interested in the land to be sold. *They are, therefore, in the same position as those who were made parties to the tax suit under the former procedure* except they have the right of redemption expressly given by the act.

*Id.* [166 S.W.2d] at 518 (emphasis added). If they are indeed in the same position, then the lien held by defendants by virtue of the deed of trust is extinguished.

*Id.* at 273. We agree.

The judgment of the trial court is therefore reversed and the cause is remanded with directions to the trial court to quiet title in the plaintiff and adjudge that defendants have no right, title or interest in said real estate, and to award plaintiff whatever reasonable monthly rents and profits are recoverable herein.

DONNELLY, C.J., RENDLEN, WELLIVER and HIGGINS, JJ., and MORGAN, Senior Judge, concur.

GUNN, J., not participating because not a member of the Court when cause was submitted.