Michael S. Wright Warren County Prosecuting Attorney 102 East Main Warrenton, Missouri 63383
Dear Mr. Wright:
This opinion is in response to your questions concerning the sale of land due to delinquent taxes pursuant to Chapter 140, RSMo.[1] Your questions are essentially as follows:
 (1) Does the issuance of the collector's deed by the county collector extinguish the liens (i.e., deed of trust, mortgage, subdivision assessments, etc.) that existed against the property at the time the collector's deed was issued and/or filed?
 (2)(a) If the land purchased by the county-appointed trustee, pursuant to Section 140.260, RSMo, happens to be in a subdivision and/or association, does the county acquire any and all voting rights associated with the ownership of that property? (b) If the land purchased by the county trustee has subdivision assessments levied against it, is the county responsible for these during the time the land is being held in trust?
 (3) What method of sale should the county use after it has acquired lands pursuant to Section 140.260, RSMo, at a delinquent tax sale through the appointed trustee? Can land be sold individually or in tracts?
We understand your questions arise primarily from multiple lots in a subdivision in your county being sold for delinquent property taxes.
We first address your third question asking about the sale of land acquired pursuant to Section 140.260. Section 140.260
provides:
 140.260. Purchase by county or city, when — procedure. — 1. It shall be lawful for the county commission of any county, and the comptroller, mayor and president of the board of assessors of the city of St. Louis, to designate and appoint a suitable person or persons with discretionary authority to bid at all sales to which section 140.250 is applicable, and to purchase at such sales all lands or lots necessary to protect all taxes due and owing and prevent their loss to the taxing authorities involved from inadequate bids.
 2. Such person or persons so designated are hereby declared as to such purchases and as titleholders pursuant to collector's deeds issued on such purchases, to be trustees for the benefit of all funds entitled to participate in the taxes against all such lands or lots so sold.
 3. Such person or persons so designated shall not be required to pay the amount bid on any such purchase but the collector's deed issuing on such purchase shall recite the delinquent taxes for which said lands or lots were sold, the amount due each respective taxing authority involved, and that the grantee in such deed or deeds holds title as trustee for the use and benefit of the fund or funds entitled to the payment of the taxes for which said lands or lots were sold.
 4. The costs of all collectors' deeds, the recording of same and the advertisement of such lands or lots shall be paid out of the county treasury in the respective counties and such fund as may be designated therefor by the authorities of the city of St. Louis.
 5. All lands or lots so purchased shall be sold
and deeds ordered executed and delivered by such trustees upon order of the county commission of the respective counties and the comptroller, mayor and president of the board of assessors of the city of St. Louis, and the proceeds of such sales shall be applied, first, to the payment of the costs incurred and advanced and the balance shall be distributed pro rata to the funds entitled to receive the taxes on the lands or lots so disposed of. [Emphasis added.]
* * *
Section 140.260.5 simply states that "[a]ll lands or lots so purchased shall be sold. . . ." No method for such sale is set forth in Chapter 140.
 Where [a] statute is not explicit . . ., but confers powers and duties in general terms, there may be resort to the necessary implications and intendments of the language to determine legislative intent. [Citation omitted.] An implied power within this meaning is a power necessary for the efficient exercise of the power expressly conferred. In that sense, that which is implied in a statute is as much a part of it as that which is expressed. [Citation omitted.]
ATT Information Systems Inc. v. Wallemann, 827 S.W.2d 217,223-24 (Mo. App 1992). "In construing a statute, we must give effect to the expressed intent of the legislature; we must not add provisions under the guise of construction if they are not plainly written or necessarily implied. Wilkinson v. Brune,682 S.W.2d 107, 111 (Mo.App. 1984). Because the statute does not specify a procedure for such sale, the trustee is not restricted to one specific method of selling the property. As stated by this office in Opinion No. 13, Butler, October 22, 1954 (a copy of which is enclosed) interpreting Section 140.260, RSMo 1949, the land may be sold "for as much as can be obtained therefor, whether that sum be more or less than the amount of delinquent taxes." Id. at page 3. The land should be sold by the method that provides the maximum amount available for distribution to the taxing authorities.
One of the concerns expressed as part of the third question of your opinion request is whether the land held by the trustee pursuant to Section 140.260 can be sold by the trustee by individual lot or in tracts. Although Section 140.420.2 states that when multiple tracts or lots of land are sold for the nonpayment of taxes to the same purchaser all the lots are to be included in one deed, this language in no way restricts the separation of the lots or tracts for sale. Consistent with the discussion above, each lot can be sold separately or the land can be sold in tracts so as to maximize the amount available for distribution to the taxing authorities. Any restrictions in the subdivision or association covenants or agreement may need to be considered, however.[2]
Your question which we have numbered 2(b) asks if the land purchased by the county trustee has subdivision assessments levied against it, is the county responsible for these during the time the land is being held in trust. This office in Opinion No. 24, Downs, April 17, 1953 (a copy of which is enclosed) addressed land held by a trustee under Section 140.260, RSMo 1949, being assessed by a city pursuant to statute for the paving of a nearby street. This office concluded "that the tax bill may not be enforced against general revenue received by the county court" (now known as the "county commission"). Id. at page 4. This office further stated: "This view is further supported by practical considerations in that it would be unjust to allow recovery of special tax bills from the county's general revenue when the land or lots is owned by the various taxing authorities and the county beneficially has only a small interest in the property." Id. at page 5. Consistent with the discussion in that opinion, we conclude that the county is not responsible for subdivision assessments levied against the land during the time the land is held by a trustee pursuant to Section 140.260.
Your question numbered 1 asks whether the issuance of a collector's deed extinguishes existing liens such as deeds of trust, mortgages, subdivision assessments, etc. The issuance of the collector's deed generally will extinguish liens that existed against the property at the time the collector's deed was issued.McMullin v. Carter, 639 S.W.2d 815, 817-18 (Mo. banc 1982);St. Louis Housing Authority v. Evans, 285 S.W.2d 550, 553 (Mo. 1955); State ex rel. Buder v. Hughes, 166 S.W.2d 516, 518 (Mo. 1942); Campbell v. Siegfried, 823 S.W.2d 156, 158 (Mo.App. 1992). The collector's deed entitles the purchaser to "all absolute estate in fee simple, subject, however, to all claims thereon for unpaid taxes except such unpaid taxes existing at time of the purchase of said lands and the lien for which taxes was inferior to the lie for taxes for which said tract or lot of land was sold." § 140.420. In addition to the liens which by the wording of Section 140.420 are not extinguished, the failure to give adequate notice to those with a recorded interest in the land can result in a failure to extinguish that interest.Anheuser-Busch Employees' Credit Union v. Davis, 899 S.W.2d 868
(Mo. banc 1995). As can be seen from reviewing the cases cited above, the facts relating to the lien or liens about which you are concerned and the specific situation are relevant in addressing your question. We have been provided no information regarding the specific lien or liens about which you are concerned and are therefore unable to address your question with regard to a specific lien or liens. Furthermore, the rights which the purchaser from the trustee acquires is a matter to be resolved between the purchaser and any party asserting a lien to the property. Through our opinions process, this office does not resolve disputes between two private parties the purchaser and the party asserting a lien.
Your question which we have numbered 2(a) asks if the land purchased by the county-appointed trustee is in a subdivision and/or association, does the county acquire any and all voting rights associated with the ownership of the property. Again, because we have been provided no information regarding the specific subdivision and/or association, we are unable to address this question.
CONCLUSION
It is the Opinion of this office that pursuant to Section140.260, RSMo 1994, (1) the land held by the county-appointed trustee should be sold by the method that provides the maximum amount available for distribution to the taxing authorities, (2) each lot may be sold separately or the land may be sold in tracts, and (3) the county is not responsible for subdivision assessments levied against the land during the time the land is held by the trustee. Very truly yours,
 JEREMIAH (JAY) NIXON Attorney General
[1] All statutory references are to the 1994 Revised Statutes of Missouri unless otherwise indicated.
[2] We have not been provided a copy of the subdivision or association covenants or agreement. Our opinion is limited to the applicable statutes and we do not consider the impact, if any, of any subdivision or association covenants or agreement. House Bill No. 979, 88th General Assembly, Second Regular Session (1996) enacted a new section to be known as Section 140.722 stating: "Any sale of lands under this chapter shall be subject to valid recorded covenants running with the land and to valid easements of record or in use."